# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case Nos. 06-20081-CM |
| SAMUEL L. HALL, ) | 09-2185-CM |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Samuel L. Hall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 88). The government filed a response, arguing that the court should enforce the plea agreement waiver of his right to collaterally attack any matter in connection with his sentence. After the government's filing, the public defender's office sought to withdraw from the case and asked court to appoint other counsel because the public defender's office would be placed in the position of arguing that an attorney from its own office provided ineffective assistance in entering into the plea agreement. The court granted the motion.

The court granted several extensions of time to file a reply to the government's response. The last deadline to file a reply expired on November 9, 2009. Defendant did not file a reply, and the court prepared a ruling in this case. Shortly before the court was ready to issue its ruling, defendant filed a reply out of time and asked the court to consider the reply because defendant had been unable to comply with the court's earlier deadline. Although the court prefers that parties seek additional time to file a brief <u>before</u> the brief is past-due, the court entered an order stating that the brief would be considered timely-filed. The court has considered the arguments in defendant's

reply, and is now prepared to rule.

Defendant initially sought § 2255 relief based on one argument: He claimed that the court incorrectly found that he had a prior felony crime of violence, and thus illegally sentenced defendant. This argument was a direct challenge to defendant's sentence. The government argued that the plea agreement contained a waiver of defendant's right to collaterally attack his sentence, and that the waiver precluded defendant's argument. Defendant began his reply by claiming that he had received ineffective assistance in negotiation of the plea agreement and waiver, laying the foundation to argue that the court should disregard the waiver and consider defendant's attack on his sentence.

But then, in the second portion of defendant's reply, defendant "concedes that the question of whether Hall's prior conviction fits the definition of a crime of violence under the Sentencing Guidelines is now well-settled." (Doc. 108, at 4.) The court reads this statement as a withdrawal of the argument on which the § 2255 motion was founded. Defendant then states, "And while that appeared to be the single issue raised by the 2255 motion signed by Hall's counsel at the time, it does not and should not end this Court's inquiry into the integrity of the plea, conviction, and sentence." (*Id.*) Defendant then urges the court to consider whether defendant changed his plea freely and voluntarily.

The problem with defendant's position is the fact that whether he entered his plea agreement freely and voluntarily was not an issue raised in defendant's original § 2255 motion. Issues not raised in an opening brief are waived. *See United States v. Alvarez*, 137 F.3d 1249, 1251 n.3 (10th Cir. 1998). At this point, defendant asks the court to consider whether his plea agreement should be enforced as a separate issue (one not tied to whether his sentence should be altered); in other words,

because defendant has withdrawn his underlying challenge to his sentence—the only issue raised in his § 2255 motion—he is no longer merely challenging the plea agreement in an effort to convince the court that it should reach the merits of whether his sentence was illegal. Because defendant did not raise this issue in his § 2255 motion, the court will not consider defendant's argument.[1]

**IT IS THEREFORE ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 88) is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability under 28 U.S.C. § 2253 is hereby denied.

Dated this 30th day of November 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**

---

[1] As defendant is aware, this is the third time that he has tried to avoid the consequences of his decision to plead guilty. The court has already conducted two hearings on whether the plea agreement should be set aside. In the second hearing, the court specifically stated that "[t]here's no evidence before the court that defendant felt pressured or was ill-informed about his plea." (Doc. 86, at 20.) The court also stated, "there was no indication at the plea hearing or on review that indicates to the court or even today that those answers [during the plea colloquy] were not freely and voluntarily and understandingly given to the court by defendant." (*Id.* at 21.) Despite the court declining to hear defendant's argument now, defendant has had a fair opportunity to present his arguments and evidence to the court on this issue.